**MILLER v. ANCHORAGE INDEPENDENT SCHOOL DIST. et al.**

No. A–5180.

United States District Court. D. Alaska.
Third Division. Anchorage.
Feb. 23, 1950.

. Harold J. Butcher, Anchorage, Almer J. Peterson, Anchorage, John E. Manders, Anchorage, for plaintiff.

Davis & Renfrew, Anchorage, for defendants.

FOLTA, District Judge.

The questions presented by the pleadings in this case and by argument of counsel, outside of the pleadings, but apparently by mutual consent, are:

(1) Whether the language of Section 37-3-53, so far as it requires the school board of an independent school district to determine on or before the first day of May the funds needed for the following school year beginning July 1st and the proportion of the funds to be raised within and outside of the city on assessed valuations, and the City Council, at its first meeting in May, to determine the amount to be set aside as its share of expenses for the school year, is mandatory or merely directory.

(2) Whether the defendant was empowered to fix a tax levy in excess of 10 mills for school purposes for the year beginning July 1, 1947, and

(3) Whether the defendant could lawfully levy a tax retroactively for the period May 23—June 30, 1947 to meet expenses incurred either by its predecessor, or by the defendant after its organization on May 22, 1947.

■ At the hearing, the Court held that the language of Section 37-3-53 referred to was merely directory and reserved decision on the remaining questions.

It appears that the organization of defendant, pursuant to Section 37-3-41 et seq., A.C.L.A.1949 was not completed until May 22, 1947—too late for a literal compliance with the provisions of Section 37-3-53; that it succeeded the previously existing school board and that the newly created district embraces not only the old district but a considerably greater area; that it assessed property in the new school district and levied a tax of 11 mills not only for the school year beginning July 1, 1947, as it was clearly authorized to do, but that it also levied a similar tax for the period yet remaining of the school year upon its succession, namely,. the period May 23,—June 30, 1947.

The contention that the Board was not empowered to fix a tax levy in excess of 10 mills is based upon the provision of Section 99 of the Organic Act, 37 Stat. 512, 514,. 48 U.S.C.A. § 79 that: "No tax shall be levied for Terri-

torial purposes in excess of 1 per centum upon the assessed valuation of property therein in any one year."

The assumption that a tax levied by a school district for *school* purposes therein is for *Territorial* purposes, appears to be wholly unwarranted. While a school district may be a political sub-division of the Territory, the tax is clearly one for district, as distinguished from Territorial, purposes. Section 37-3-23 empowers school districts to levy taxes not exceeding 2% upon all real and personal property within the limits of the respective districts. Unquestionably, this delegation is within the legislative power of the Territory, Section 9 of the Organic Act, 37 Stat. 512, 514, 48 U.S.C.A. § 77 and the Act of March 3, 1917, 39 Stat. 1131, 48 U.S.C.A. § 170, authorizing the Territory to establish and maintain schools.

In the absence of specific statutory authority, the power to levy a tax retroactively does not exist, and hence, the third question must be answered in the negative.